UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

KENNITH W. MONTGOMERY                    CIVIL ACTION NO. 12-2510
          #54338                                    SECTION P

VERSUS                                          JUDGE TRIMBLE

TONY MANCUSO, ET AL                        MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Kenneth W. Montgomery on September 17, 2012.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is incarcerated at Calcasieu Correctional Center (CCC) in Lake Charles, Louisiana.  He names the following as defendants herein: Calcasieu Sheriff Tony Mancuso; CCC "Commander" Vic Salvador; CCC Warden H. Gregory Tete; Keefe Commissary Network (Keefe) ; Kiosk; and, Commissary Heads Tori Boone and Mr. Dupree.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

*Statement of the Case*

Plaintiff complains that the defendants have violated his due process rights by fraudulently taking $50.00 out of his inmate account.  Plaintiff claims that the stated justification for doing so was to allegedly cover a debt that was owed from one of his previous incarcerations.

-1-

Plaintiff attaches copies of the grievance that he filed addressing his claim.  *See* Doc.1, att. 1, pp.1-3, Steps I, II, and III of the Inmate Grievance Procedure.  The grievance was denied at each step.  Specifically, the Step II response stated:

> We can collect funds owed no matter how long it has been.  It has been in the inmate handbook since 1992 '**indigent purchases are reflected as a negative balance pending receipt of funds.**'  We weren't as efficient back then as we are now.  This is common practice in the correctional field.  You were released in 2010 having a negative balance of $1,486.84.   When you were booked on 07/17/2/12 with $100, your account received the funds and took 50%, leaving you with $50.  We could have taken the whole $100.

Doc. 1, att. 3, p. 2 (emphasis added).

The Step III response stated "The offender handbook is clear.  The process has not changed."  Doc. 1, att. 3, p. 3

Plaintiff further alleges "price gouging" on the part of CCC and Keefe.  More specifically he claims that inmates are overcharged for commissary items such as soup, cake, and moon pies. Plaintiff also contends that CCC and Kiosk are defrauding inmates by charging a fee to have money deposited into their prison accounts.

As relief for the above, plaintiff seeks reimbursement of the $50.00 including any interest earned from money in an interest bearing account; injunctive relief preventing the taking of his money or property without due process; further injunctive relief preventing the charging of a fee to put money in inmates' accounts; and, the lowering of commissary prices.  Doc. 1-2, p. 7.

<u>*Law and Analysis*</u>

### I.    *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025

(5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

II.      *42 U.S.C. §1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.  In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a

claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### A.  Commissary Prices

Plaintiff complains about being over charged for items in the commissary.

The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible.  *Grice v. Blanco*, No. 07–0617, 2007 WL 2908826 (W.D.La. Jul. 18, 2007) (unpublished), at *13,  The court in *Grice* relied on the Supreme Court's decision in *Wolff v. McDonnell*, which held that "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." 418 U.S. 539, 556 (1974).  In *Grice,* the plaintiff, an inmate in custody at the Alabama Department of Corrections but incarcerated in South Louisiana Corrections Center (LCS), filed a complaint under § 1983, contesting his transfer to the prison in Louisiana and alleging that commissary prices at the LCS were unconstitutional because they were higher than those in Alabama. *Id*. *at 12, 13.  The court in *Grice* dismissed the plaintiff's claim for failing to state a claim for which relief can be granted and as frivolous because the plaintiff had no constitutionally protected right in purchasing goods at the commissary at the same price as the goods were sold at the Alabama commissary.

Therefore, under *Wolff* and *Grice*, the plaintiff in the case at bar fails to state a claim of violation of constitutional rights cognizable under § 1983.  The plaintiff only alleges that he is being overcharged at the commissary, but provides no set of facts in support of his claim that would entitle him to relief.  Also, plaintiff's claims are frivolous because they lack an arguable basis in law or in fact.  Accordingly, plaintiff's claim should be dismissed with prejudice.

### B.  Deprivation of Property

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law."  USCA CONST Amend. XIV.  However jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983.  In *Parratt v. Taylor*, 451 U.S. 527, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law.  The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Supreme Court ruled that the State's post-deprivation tort remedy provided all the process that was due.  *Id.,* 451 U.S. at 544.

The Due Process Clause does not embrace tort law concepts.  *Id.*  Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy.  *Id.*

Even in instances where an intentional deprivation occurs, when an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated.  *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).  This principle known as the *Parratt/Hudson* doctrine states that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process

-5-

if the State furnishes an adequate post-deprivation remedy.  *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir.1991).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that an intentional and unauthorized deprivation occurred concerning plaintiff's personal property.  If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort (conversion) committed by employees of CCC.  See, La. Civil Code, Article 2315.  This provision of state law which is the general tort provision of the Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated.  *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.1992), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).  A liberal construction of plaintiff's allegations fails to support a Fourteenth Amendment violation as the claim before the court is clearly barred by the *Parratt/Hudson* doctrine.  Plaintiff's property deprivation claims are not a cognizable claim under §1983 and should be dismissed as frivolous.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 1st day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE